The judgment of the court was pronounced by
Eustis, C. J.
On the 16th of Februaiy, 1848, the mayor and council of Lafayette passed a resolution, by which public notice was to be given of the intention of the council to cause application to be made to the district court, on behalf of the corporation of the city of Lafayette, for the appointment of com *113 missioners to value and appraise a certain square of ground, in order to appropriate the same as a public place, &c.
After due publication of this notice, application was accordingly made to the court on the 31st of March ensuing. Commissioners were appointed, who returned their tableau and report on the 4th of May following, and on the 15th of May the proceedings were discontinued. The plaintiffs are the owners of the square of ground, and have brought this suit against the defendants to recover the sum of seven thousand dollars, the amount of damages which they allege they have sustained, in consequence of the alleged acts of the defendants in the premises. The district court gave judgment for the defendants, and the plaintiff’s have appealed.
The alleged ground of this action appears to be,- that from the commencement of the proceedings to their discontinuance, the plaintiff's were deprived of the right of disposing of their property, and that they might have disposed of the same to great advantage, which they were unable to do, by reason of said proceedings; that in the interval between the commencement and termination of the suit, property of this description fell in value, which depression continued up to the time of the institution of the present suit.
The proceedings for the expropriation of the plaintiff’s square'were conducted under an act of 1846. Acts of 1846, p. 138, No. 154. The right of the defendants to discontinue them, cannot be questioned, until the report of the commissioners is finally acted upon by the court; the proceedings may be discontinued, as iu any ordinary suit. Indeed, it is the report which pariicularly discloses the extent of the injury to bo dono by the expropriation, and of the benefit which other property may derive from it, and furnishes a test by which its expediency is to be determined. The Matter of Roffignac street, 4th Rob. 358. The Matter of Canal street, 11th Wendell, 155. The Matter of Anthony street, 20th Wendell, 618.
The defendants had an evident and proper motive for discontinuing the proceedings, which commends itself by its wise and prudent economy. The report of the commissioners subjected the corporation of Lafayette to the payment of $6,650. At this very time there were $20,000 of the city bonds in sufferance, and not sufficient funds in the treasury to meet the current expenses.
The district judge was of opinion that the defendants, in instituting these proceedings and in discontinuing them, had exercised a legal right, and that the case was one of damnum aboque injurid. We are under the impression, from the evidence, that it was neither one nor the other.
The judgment of the district court is therefore affirmed, with costs.